UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CARMELO MALDONADO VELAZQUEZ, et al,
  Plaintiffs,

v.                                          Civil No. 98-1412(HL)

JOSTEINS, INC.,
  Defendant.



**OPINION AND ORDER**

Before the Court is a motion by Plaintiff Carmelo Maldonado Velázquez[1] ("Maldonado") to alter or amend the Court's judgment dismissing this case and directing the parties to submit their claims to arbitration.[2] Defendant Jostens, Inc. is a Minnesota corporation engaged in the selling of high school class rings, yearbooks, and graduation products. Maldonado had been a Jostens sales representative in Puerto Rico since 1978. When Jostens terminated Maldonado as its sales representative, he sued them under Puerto Rico's Sales Representative Act, commonly known as "Law 21."[3] Jostens moved to compel arbitration of the dispute pursuant a clause in the parties' contract requiring that all disputes arising under the contract be submitted to binding arbitration.[4] Maldonado did not

---

    [1] Maldonado's wife Iris Crespo and their conjugal partnership are also plaintiffs in this action. In the interest of conciseness, and because the claims of his wife and conjugal partnership are derivative of his claims, the Court will refer only to Maldonado when discussing the plaintiffs.

    [2] Docket no. 21 & 22.

    [3] P.R. Laws Ann. tit. 10, §§ 279 -279h (1997).

    [4] Docket no. 17.


AO 72A
(Rev.8/82)



Civil No. 98-1412 (HL)                    2

timely oppose the motion. The Court, basing its decision on the strong public policy favoring arbitration, see *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *PaineWebber Inc. v. Elahi*, 87 F.3d 589, 595 (1st Cir. 1996), and on Maldonado's failure to oppose the request to compel, granted the motion and dismissed the case.[5]

Maldonado now moves to alter or amend the Court's judgment. He argues that his attorneys did not respond to Jostens' motion to compel arbitration because they were both busy trying other cases. He also argues that the contract he signed with Jostens was signed under duress, that Jostens acted in bad faith in the signing of the contract, and that therefore the arbitration clause is not enforceable. In his motion, he does not specify under which procedural rule he moves to alter or amend the judgment. Generally, a challenge to the correctness of a judgment is construed as a motion under Rule 59(e). *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 390 (1st Cir. 1994); *Nat'l Metal Finishing Co. v. BarclaysAmerican*, 899 F.2d 119, 122 (1st Cir. 1990); *Rodriguez-Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2 (1st Cir.1989); *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir.1987). A party may invoke Rule 59(e) and ask a court to amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact. *Aybar v. Crespin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)); *BarclaysAmerican*, 899

---

[5] Docket no. 21.

Civil No. 98-1412 (HL)                             3

F.2d at 124 & n.2. Additionally, the movant may seek to amend the judgment based on an intervening change in the law. *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *BarclaysAmerican*, 899 F.2d at 124 n.2. Rule 59 may not be used to raise arguments which could have and should have been raised before judgment was entered, but were not. *Aybar*, 118 F.3d at 16; *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

In the present case, because Maldonado failed to oppose the motion to compel arbitration, he did not raise prior to the Court's entry of judgment the arguments that he does now as to why the arbitration clause should not be enforced. Maldonado claims that his attorneys were busy with other cases and therefore could not timely oppose Jostens' motion to compel arbitration. An attorney busy with other matters must either organize his or her work appropriately or be prepared to suffer the consequences. *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 15 (1st Cir. 1994); *Freiria Trading Co. v. Maizoro S.A.*, 187 F.R.D. 47, 49 (D.P.R. 1999). Because Maldonado could have made his arguments earlier as to why the arbitration clause should not be enforced, he may not do so now. Thus, his motion to alter or amend the judgment is denied.

Even if the Court were to consider his arguments, it would reach the same result. In his motion, Maldonado alleges that Jostens acted in bad faith in the signing of the contract, that Jostens' counsel and employees intimidated him to sign the agreement, and that he signed under duress. Therefore, he argues, the arbitration clause should not be

AO 72A
(Rev.8/82)

Civil No. 98-1412 (HL)                                    4

enforceable. The problem with these allegations is that the sparse evidence he has submitted does not sufficiently support the allegations made in the motion to amend. Maldonado submitted an unsworn declaration under penalty of perjury in which he stated that prior to signing the contract in question, Jostens had begun to exert "undue pressure" on its sales staff; that Jostens made him sign a consent to judgment and a promissory note; that Jostens included an arbitration clause in the contract without consulting him; that this was the first time an arbitration clause had been included in the contracts he had signed with Jostens; that the implication of this clause was never explained to him; that he had not been presented with a copy of the contract prior to the date on which it was signed; that he was not informed that he could have had an attorney review the contract; and that Jostens' attorneys did not advise him that the arbitration clause had been included.[6]

The scenario described by this declaration is devoid of any evidence that Jostens intimidated Maldonado into signing the contract.[7] Furthermore, this declaration does not describe any specific conduct which could possibly constitute bad faith on the part of Jostens. According to Maldonado, the parties met, a contract was presented, and he signed it. The fact that he did so without first having an attorney review it appears to be his error, not Jostens'. There is no indication that Maldonado was prevented from having his

---

[6] Docket no. 27.

[7] Maldonado does state in his declaration that Jostens "made" him sign a consent to judgment and a promissory note. He does not explain, however, how exactly Jostens compelled him to do this. At any rate, the arbitration clause was contained in the parties' contract, not in the consent to judgment or the promissory note.

Civil No. 98-1412 (HL)                                    5

attorney go over the contract before it was signed. And Jostens was under no obligation to explain to him the significance of the document that he was signing.

Moreover, Maldonado cannot claim to be unsophisticated in the ways of business. In his amended complaint he states that he is a business executive with 20 years of experience and that he developed a substantial market and vast clientele for Jostens' products. A person as experienced as he describes himself to be must have known of the risks of signing a contract without first considering all the potential repercussions of the agreement. A party that signs a contract will generally be bound by its terms, even though he may not have bothered to read or understand all its terms. *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith*, 170 F.3d 1, 21 n.17 (1st Cir. 1999); *Turner v. Johnson & Johnson*, 809 F.2d 90, 97 (1st Cir. 1986); *Mercury Coal & Coke v. Mannesmann Pipe and Steel Corp.*, 696 F.2d 315, 318 (4th Cir. 1982); *Stereo Gema, Inc. v. Magnadyne Corp.*, 941 F.Supp. 271, 276 (D.P.R. 1996); *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1273 (S.D.N.Y. 1995); *Swiggett v. Swiggett, Inc.*, 55 P.R.R. 72, 79 (1939); *Pellicier v. Fernández*, 19 P.R.R. 111, 115 (1913); *see also Microfibres, Inc. v. McDevitt-Askew*, 20 F.Supp.2d 316, 324 (D.R.I. 1998) (Party seeking to void contract's forum selection clause claimed to have "felt pressure to sign" contract. However, she failed to allege any facts to support this claim and failed to allege that she ever asked for or was denied the opportunity to consult with an attorney or study the contract). Thus, Maldonado is bound by the terms of the agreement that he signed.

Civil No. 98-1412 (HL)                                6

      Maldonado claims that he signed under duress and that Jostens was guilty of intimidation and bad faith. However, he offers no evidence to support these allegations. Absent a showing of why the arbitration clause should not be enforced, the Court denies his motion to alter or amend the judgment (docket no. 24).

      **IT IS SO ORDERED.**

      San Juan, Puerto Rico, August 21, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

AO 72A
(Rev.8/82)